(C. D. 604)

AMERLUX STEEL CORP. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 18, 1942)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of San Francisco, brought to recover certain customs duties alleged to have been improperly exacted upon a particular importation of steel hoops. Duty was levied thereon at the rate of ¼ of 1 cent per pound under the provision in paragraph 314 of the Tariff Act of 1930 for "hoop or band steel, cut to lengths * * * for baling cotton or any other commodity." By an amendment to the protest it is alleged that said merchandise is properly dutiable at the rate of ⅛ of 1 cent per pound under the provision in said paragraph 314, as modified by the trade agreement between the United States and the Belgo-Luxemburg Economic Union promulgated in T. D. 47600, 67 Treas. Dec. 470.

At the hearing held at San Francisco on June 24, 1941, before Walker, Judge, the following colloquy took place:

Mr. CARPENETI. If your Honor please, in Protest 977640–G plaintiff at this time wishes to offer an amendment.

Mr. DONNELLY. The Government objects to the amendment to the protest, inasmuch as it would constitute a revival of an untimely protest, and therefore, objects. The original protest, the Government contends, is untimely, and consequently cannot concede to the granting of the motion to amend or assent to the granting of such motion.

Judge WALKER. You say the original protest was untimely?

Mr. DONNELLY. Yes, that is the Government's contention. Therefore, it must object to the motion to amend.

Mr. CARPENETI. We feel, if your Honor please, that we desire an opportunity to file a brief on the question of the timeliness of the protest and whether or not the protest has been in the jurisdiction of the court.

Judge WALKER. The matter will be taken under advisement, and you may have the time to file your memoranda.

Mr. CARPENETI. With the consent of Government counsel we can dispose of this case on the merits, assuming that the court has jurisdiction; and I ask Government counsel to stipulate that the merchandise consists of hoop or band steel, cut to lengths for baling hay or other commodities.

Mr. DONNELLY. The Government so stipulates.

Mr. CARPENETI. The plaintiff rests.

Mr. DONNELLY. That is, the stipulation is entered into on the understanding that it will be effective only if the court determines that our motion to dismiss is not properly taken.

Judge WALKER. Correct. Let the record so show.

Mr. DONNELLY. The Government submits.

Mr. CARPENETI. Plaintiff submits.   *   *   *

The only question before us is whether the plaintiff's motion to amend the protest should be allowed, the Government contending that the original protest which is sought to be amended is untimely.

From the official papers it appears that the merchandise, the subject of this protest, consists of steel hoops, cut to lengths for baling hay or other commodities. Included in the invoice were certain other steel articles, such as channels, beams, bands, angles, etc. The collector liquidated the entry on November 20, 1937, and on December 8, 1937, a protest was filed against such liquidation, claiming that the weights of a portion of the entered merchandise marked "Sections Blue No. 64 covering 18 lifts and 10 pieces Steel Channels" were erroneous. The collector sustained the contention of the importer and reliquidated the entry on January 24, 1938. On February 5, 1938, the instant protest was filed alleging that the liquidation with respect to the item of 110 bundles of baling hoops was erroneous. Thereafter, on January 18, 1941, the plaintiff moved to amend the instant protest claiming that the hoops in question were properly dutiable at the rate of $\frac{1}{6}$ of 1 cent per pound under said paragraph 314, presumably as modified by the said trade agreement, although no mention of such agreement is made in said amendment.

Counsel for the Government in his brief filed herein relies upon the last sentence of section 514 of the Tariff Act of 1930 relating to the filing of protests against collectors' decisions, which sentence reads:

The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

In our opinion the decision of the appellate court in the comparatively recent case of *F. W. Woolworth Co.* v. *United States,* 26 C. C. P. A. 157, C. A. D. 10, is here controlling. There, the collector reliquidated an entry to correct a clerical error in the calculation of duty. Within 60 days after said reliquidation, but more than 60 days after the first liquidation, the importer filed two protests claiming a different classification for certain items and hence a lower rate of duty. This court granted the Government's motion to dismiss the protests on the ground that they were untimely, in that they contained questions which could have been protested as the result of the first liquidation. In affirming our decision the appellate court said:

> We are in disagreement with the contention made by the importer and think that the trial court correctly decided the issue. It is true that the collector on his reliquidation took more duty on the earthenware, which is not involved in these protests but which was a part of the merchandise entered in the entry under consideration. It is also true that he corrected his figures in computing the duty on appellant's entered value of the beach balls and increased the amount by 70 cents. In no instance did he change the classification nor did he do anything else which either of appellant's protests at bar objects to. * * *

> We think that one of the things Congress had in mind when it added the new language in section 514 above quoted was exactly this kind of situation. One of the intended purposes of the legislation was to enable the customs authorities to correct error and leave these corrections subject to protest but not to open up for protest, after the sixty days from the original liquidation had expired, questions which could have been protested within 60 days from the prior liquidation.

> In this view we are supported by the following statement found in the report of the Committee on Ways and Means of the House of Representatives when the bill which became the Tariff Act of 1930 was submitted to the House:

> Under the existing law, it has been held that a reliquidation opens up the whole entry to protest. It is thus possible for an importer having an entry with a large number of items to protest one item at a time and thereby keep the entire entry from final liquidation indefinitely. Your committee proposes the imposition of a limitation that reliquidation of an entry will not open the entry to protest upon any question not involved in the reliquidation.

Counsel for the plaintiff in his brief filed herein seeks to distinguish the above-cited case, insisting that the decision therein is not here applicable, first, because the collector's reliquidation there made was upon his own motion, whereas in the present case it was made as a result of a protest filed by the plaintiff; and, second, because the second protest referred to merchandise covered by the first protest.

In our opinion, the first reason is entirely immaterial and in no way affects the issue before us.

In regard to the second reason, counsel for the plaintiff is clearly in error as the papers plainly show that the merchandise involved in each protest was entirely dissimilar. The first protest reads as follows:

We claim that the weights are erroneous on that portion marked Sections Blue No. 64 covering 18 lifts and 10 pieces Steel Channels, discharged in Oakland into car W. P. 4126.

On the other hand, the second protest reads as follows:

We claim that the liquidation is erroneous against item of 110-Bdls. baling hoops marked made in Luxemburg #20-Weighing 11364# which covered the weight of 108-Bdls. (2 bdls were short landed.) These hoops were entered under Par. 314- @ 5¢# and so returned by the Appraiser. But liquidated @ 1.4¢#.

Upon the established facts and the law applicable thereto we sustain the objection of counsel for the Government, and the motion of counsel for the plaintiff to amend the second protest is therefore denied on the ground that the second protest was untimely. Judgment will be rendered accordingly.